*HURRICANE CASE*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VICKIE BOONE** | * | |
| | * | |
| | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | |
| | * | |
| | * | |
| **PROGRESSIVE HOME INSURANCE** | * | |
| **COMPANY,** | * | |

**************************************************************

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes the complainant, Vickie Boone (hereinafter "Complainant"), and files his Complaint for Damages against Defendant(s), Progressive Home Insurance ("Progressive") respectfully averring as follows:

I.    **PARTIES**

**1.**

Made Plaintiff herein is Vickie Boone **("Complainant")** a citizen domiciled in Lake Charles, Louisiana.

**2.**

1.  Made Defendant(s) herein is Progressive Home Insurance Company, (Defendant "Progressive Home Insurance Company") an insurer domiciled in Ohio

who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State 8585 Archives Ave, Baton Rouge Louisiana 70809.

## II.    JURISDICTION AND VENUE

### 3.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

### 4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is the subject to the dispute between Complainant and Defendant are located in this District.

### 5.

Defendants are justly and truly indebted and obligated unto "Complainant," Joubert herein, for the reasons and amounts hereafter set forth with particularity.

### III.    RELEVANT FACTS

#### 6.

At all times relevant hereto, 'Complainant" owned the property located at 1720 Gieffers St. Lake Charles, Louisiana 70601.

#### 7.

Progressive Insurance Company (hereinafter referred to as "Defendant Progressive"), insured the Property from May 13, 2020, until May 13, 2021, under policy number LAL1706. The Policy covered the "property" against specifically named perils, including hurricanes, wind, and ice storms.

#### 8.

On or about August 21, 2020, Calcasieu Parish issued an evacuation order advising all residents to leave the area based on the incoming threat of hurricane Laura. This evacuation order went into effect August 21, 2020.

This direct order caused Complainant to relocate temporarily to the Dallas Texas area beginning October 23, 2020. Complainant incurred hotel, food, and travel expenses, traveling back and forth to Lake Charles.

#### 9.

On August 27, 2020, hurricane Laura made landfall in the Lake Charles area causing substantial damage to Complainant's "Property."

**10.**

On August 30, 2020, Complainant promptly reported the damages to Defendant "Progressive," who assigned claim number(s) 805588-302940 for the Damages caused by Hurricane Laura.

**11.**

The Complainant proceeded to tarp the roofs to prevent further damage as required by the terms of the contract of insurance.

**12.**

On or about September 13, 2020, Defendant Progressive inspected the Property for hurricane Laura damages. At the time of the inspection, the property suffered visible severe roof damage, siding damage, and the rear storage unit was completely destroyed. Complainant moved forward with interior demolition and exterior clean-up and debris removal.

**13.**

On or about September 29, 2020, Complainant entered into a lease agreement at 600 Ryan St in Lake Charles, LA. 70601 in the amount of 1,340 per month for one year. Complainant had to obtain her own furnishings and pay her for her own utilities.

**14.**

On October 8, 2020, Calcasieu Parish issued a mandatory evacuation order

for the residence of Lake Charles, LA. Complainant incurred additional

evacuation expenses for Hurricane Delta.

**15**.

October 9, 2020, Hurricane Delta made landfall in the Lake Charles area,

causing additional damages to Complainant's Property.

**16**.

Complainant promptly reported the losses to Defendant Progressive.

Complainant now have 2 active claims, evacuation expenses, and

a lease agreement. Rather than issue a new claim number, Defendant advised

Complainant they would absorb the new damages for Hurricane Delta under the

existing claim for Hurricane Laura.

**17.**

On October 23, 2020 Defendant Progressive made its 1st claim payment for

$8,531. 50**.** This payment did not include the incurred expenses for two mandatory

evacuations required by the Parish.

**18.**

On about October 30, 2020 Complainant requested a copy of the estimate

used by Defendant Progressive to make the $8,531.50 tender payment.

**19**.

On November 20, 2020, Complainant provided Defendant Progressive

Insurance Company satisfactory proof of loss that included an estimate and photos
of the property damages in the amount of $52, 048.01.

**20.**

On November 12, 2020, 86 days after the hurricane Laura, Defendant
Progressive made its initial claim payment for the lease and incurred expenses in
the amount of $3,503.96. On December 15, 2021, Complainant received her 1st
claim payment of $8,505.21. This payment covered only $5,001.25
in claim damages to the property and the contents.

**21.**

This initial building payment did not include a cost breakdown for the roof
or siding. The estimate provided by Complainant for siding and roofing repairs
exceeded the amount of the total payment received from Defendant Progressive.

**22.**

From November 2020 until February 2021, Complainant repeatedly
requested a response to the disputed siding and roof estimate under La R.S.
22:41(14) to start the repairs. Defendant refused to comply. This refusal to provide
copies of the alleged roofing and siding reports caused the property to sit and incur
additional damages from ongoing weather conditions.

**23.**

Complainant repeatedly advised Defendant that the amount of coverage for the living expenses was extremely limited and a prompt response was needed to avoid eviction. Despite knowing Complainant only had $11,000.00 in living expenses coverage, Defendant refused to respond.

**24.**

On February 23, 2021, an ice storm hit the Lake Charles area and caused additional damage to the property. The plumbing lines burst in the walls and under the house. These additional damages cause the house to flood for several days before Complainant could shut off the water and mitigate the damages. Complainant filed a new claim for pipe burst. Defendant assigned claim number 874343-211940.

**25.**

The hurricanes and the ice storm caused the property to suffer total claim damages in the amount of $308,359.68. To date Defendant has paid $32,153.15 for all coverages on all claims since August 2020.

**26.**

Upon information and belief, Defendant Progressive failed to timely and adequately compensate Complainant for her loss; after receiving satisfactory proof of loss, was arbitrarily, capricious and without cause.

**27.**

Upon information and belief, Defendant Progressive conducted the investigation and claims handling for Complainant's claim in bad faith, as that term in term used in conjunction with Louisiana's bad faith statues, La R.S. §§ 22:1892 and 22:1973

**28.**

Upon information and belief, Defendant Progressive purposely or at least negligently failed to include the severely damaged roof decking that has now caused Complainant to install "new" shingles over bad decking.

**29.**

As a result of Defendant Progressive failure to timely and adequately compensate Complainant for her losses; Complainant was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

**30.**

Complainant has incurred or will incur additional expenses in restoring the "Properties" as a result of Defendant Progressive failure to timely compensate her for her substantial and covered losses.

## 1. CAUSES OF ACTION

### A. Breach of Insurance Contract

**31.**

Complainant realleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

## 32.

An insurance contract, the "Policy", exists between Complainant and Progressive.

## 33.

The "Policy" provides coverage for perils, including hurricanes.

## 34.

Despite having received satisfactory proof of loss for damages caused by the covered perils, Defendant Progressive failed to timely tender adequate insurance proceeds as required by the "Policy."

## 35.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant Progressive breached the "Policy."

## 36.

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the "Policy."

## 37.

By willfully and purposely not including visible damages to the

"Properties," Defendant Progressive breached the "Policy."

**38.**

By refusing to conduct a timely investigation of the Complainant's hurricane and Ice Storm claims in good faith and fair dealing, Defendant Progressive breached the "Policy."

**39.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the policy.

**B.** **Bad Faith**

**40.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-48, above, as if restated herein.

**41.**

The actions and/or inactions of Defendant Progressive in failing to timely and adequately compensate Complainant for the covered losses under the "Policies" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant Progressive liable for statuary bad faith penalties.

**42.**

Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. §22:1973.

**43.**

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and is in violation of La. R.S. §22:1973

**44.**

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

**45.**

Defendant Progressive is in violation of La. R.S. §§22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with her Wind/Hail claims during Hurricane Laura, Delta and the Ice Storm, despite having received satisfactory proof of loss from the insured and following their own inspections of the "Property"

**46.**

Defendant Progressive's misrepresentation of the relevant facts and/or the

terms of the Policy was in bad faith.

C. **Negligent Infliction of Emotional Distress**

**47.**

Defendant Progressive issued insurance policies with the knowledge that the contracts did not provide adequate living expense coverage, which has caused Complaiant to lose both her temporary location. This deliberate delay in making timely payments has caused Complainant to suffer undue stress and financial hardship.

**48.**

Defendant Progressive knew Complainant dependent heavily on A.L.E payments to cover her expenses during the claim process. The denial of any rental payments for the damages caused by the ice storm have caused Complainant to to suffer from severe stress and sleepless nights.

**49.**

Defendant Progressive deliberate and malicious acts to delay and severely under pay her claims can only be described as a willful attempt to cause Complainant undue financial burden and stress.

**50.**

Defendant Progressive deliberate and malicious acts to pay a mere $1,225 for Ice Storm damages that total about $140,000.00 in February was done to cause

Complainant undue stress and financial hardship.

**51.**

Complainant has incurred evacuation expenses since August 2020 that Defendant Progressive has failed to cover.

**52.**

Defendant Progressive's refusal to provide the supporting report to justify the unreasonable repair payments violated Louisiana La R.S. 22:41(14) and has caused Complainant to lose both of her temporary residence. Complainant is now living on couches with friends and family.

**53.**

Defendant Progressive's intentional delays, refusal to provide Complaint with claim file documents under La. R.S. 22:41(14), and refusal to pay any living expenses for the additional damages caused by the ice storm, has caused Complainant unnecessary sleepless night and undue stress.

**54.**

**WHEREFORE**, Complainant Vickie Boone prays that after due proceedings and legal delays, there be a judgment herein in favor of Complainant, and against Defendant Progressive for all actual damages, general damages, and special damages, including general, special, and punitive damages under La. R.S.

§§22:1892 and 22:1973, together with legal interest from the date of the judicial

demand, and all costs of these proceedings.

**55.**

**COMPLAINANT FURTHER PRAYS**, for all orders and decrees

necessary in the premises for full, general, and equitable relief.

Respectfully Submitted,

_____

Harry Cantrell
Cantrell Law Group, LLC
724 Kirby St.
Lake Charles, LA. 70601

**PLEASE SERVE DEFENDANT**

Through the secretary of State

Progressive Home Insurance
8585 Archives Ave
Baton Rouge, LA. 70809