UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICKIE BOONE | * | CIVIL ACTION NO. 2:22-cv-4953 |
| | * | |
| VERSUS | * | JUDGE: JAMES D. CAIN |
| | * | |
| PROGRESSIVE HOME | * | |
| INSURANCE COMPANY | * | MAG. JUDGE: KATHLEEN KAY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Progressive Property Insurance Company, now respectfully submits this brief Memorandum in Opposition to Plaintiff's Motion for Reconsideration and to Vacate Judgment. This Honorable Court issued a Memorandum Ruling & Judgment on June 5, 2023, dismissing the instant action, without prejudice, based on a lack of diversity of citizenship of Plaintiff, Vickie Boone, and Defendant, Progressive Property Insurance Company.[1] In response to this, on June 14, 2023, Plaintiff filed a Motion for Reconsideration and to Vacate Judgment alleging that Progressive Property Insurance Company is domiciled in Florida.[2] However, Progressive Property Insurance Company changed its domicile and principal place of business from Florida to Louisiana on April 1, 2022, which is four (4) months before Plaintiff filed the instant suit against Defendant on August 26, 2022.[3] Subject matter jurisdiction depends on the state of things at the time the

---

[1] *See* Memorandum Ruling & Judgment, signed June 5, 2023, attached as Exhibit 1.
[2] *See* Plaintiff's Motion for Reconsideration and to Vacate Judgment, attached as Exhibit 2.
[3] *See* Letters and Certificates from Louisiana Department of Insurance issued to Progressive Property Insurance Company, and Progressive Property Insurance Company's Amended and Restated Articles of Incorporation, attached

1

action is filed.[4] Indeed, "**the diverse citizenship among adverse parties must be present at the time the complaint is filed. . . .**"[5] As Plaintiff filed the instant suit on August 26, 2022, and Progressive Property Insurance Company was a citizen of Louisiana as of April 1, 2022, there was no diversity of citizenship between the Parties when Plaintiff filed this suit. Accordingly, this Honorable Court lacks the requisite subject matter jurisdiction in this matter.

Plaintiff raises two flawed arguments in support of his motion: (1) Progressive Property Insurance Company's original Corporate Disclosure Notice (which was later amended); and (2) prior litigation involving Progressive Property Insurance Company in which subject matter jurisdiction issues were not raised. Defendant respectfully submits that, although it did file a Corporate Disclosure Notice based on its previous domicile and principal place of business,[6] this filing was in error and the actual Motion to Dismiss and Memorandum in Support correctly alleged that Progressive Property Insurance Company was a Louisiana company. Shortly thereafter, upon realizing the error, Defendant submitted a correct and accurate Amended Corporate Disclosure Notice stating that "Progressive Property Insurance Company [is] a **Louisiana** domiciled corporation. . . ."[7] This was filed before the Court's Order dismissing the case. Further, Defendant respectfully directs this Court to the attached Amended and Restated Articles of Incorporation

---

as Exhibit 3. Progressive Property Insurance Company perfected its Amended and Restated Articles of Incorporation to change its domicile to Louisiana on August 31, 2021, and filed same with the Jefferson Parish Clerk of Court on December 9, 2021. Progressive Property Insurance Company filed their Amended and Restated Articles of Incorporation with the Louisiana Department of Insurance on December 28, 2021, which was accepted by the Commissioner of Insurance, James J. Donelon, on April 1, 2022.

[4] *Christopher A. Salvador Constr. L.L.C. v. Axis Ins. Co.*, 2:21-cv-04010 (W.D. La. 10/13/22) 2022 U.S. Dist. LEXIS 187681 *8 (citing *Rockwell Intern. Corp. v. U.S.* 549 U.S. 457, 473, 127 S.Ct. 1397, 1409, 167 L. Ed. 2 190 (2007)); see also *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 6 L. Ed. 154 (1824)).

[5] *Rick v. Women's & Children's Hosp.*, 08-2013 (La. W.D. 5/10/10) 2010 U.S. Dist. LEXIS 58021, *7 – 8 (emphasis added); see also *Johnson v. R.R. Controls, L.P.* 2:11-CV-1722 (La. W.D. 1/15/14) 2014 U.S. Dist. LEXIS 8535, *8.

[6] *See* Corporate Disclosure Notice filed by Defendant on November 28, 2022, attached as Exhibit 4.

[7] *See* Amended Corporate Disclosure Notice filed by Defendant on January 6, 2023, attached as Exhibit 5 (emphasis added).

subsequent approval and acceptance from the Louisiana Department of Insurance as evidence of the veracity and accuracy of Defendant's Amended Corporate Disclosure Notice.[8] As seen therein, Progressive Property Insurance Company changed its domicile from Florida to Louisiana on April 1, 2022, which is four (4) months before Plaintiff filed the instant suit on August 26, 2022.

Regarding the prior litigation involving Progressive Property Insurance Company in which subject matter jurisdiction issues were not raised, Defendant submits that, a review of the actual dates that the respective complaints were filed shows that subject matter jurisdiction was proper at the time of filing. The referenced *Schlosser* matter was filed on March 10, 2021. The *Frederick* matter was filed on March 10, 2021. The Burns matter was filed on February 11, 2021. The *Gobert* matter was filed on February 8, 2021. The *Lamphere* matter was filed on March 5, 2021. Finally, the *Leday* matter was filed on February 4, 2021. None of the cases cited by Plaintiff were filed *after* Progressive Property Insurance Company changed its domicile from Florida to Louisiana in April of 2022, so of course, those cases would not have any subject matter jurisdiction disputes when those suits were filed.[9] There is no reason to consider these other cases in connection with the instant suit, as subject matter jurisdiction is only assessed by the status of the parties *at the time of filing*.

---

[8] *See* Letters and Certificates from Louisiana Department of Insurance issued to Progressive Property Insurance Company, and Progressive Property Insurance Company's Amended and Restated Articles of Incorporation, attached as Exhibit 3. Progressive Property Insurance Company perfected its Amended and Restated Articles of Incorporation to change its domicile to Louisiana on August 31, 2021, and filed same with the Jefferson Parish Clerk of Court on December 9, 2021. Progressive Property Insurance Company filed their Amended and Restated Articles of Incorporation with the Louisiana Department of Insurance on December 28, 2021, which was accepted by the Commissioner of Insurance, James J. Donelon, on April 1, 2022.

[9] Progressive Property Insurance Company submits that, even if this Court determines that Progressive Property Insurance Company's domicile was changed at the time of the Amended and Restated Articles of Incorporation on August 31, 2021, the other cases raised by Plaintiff are still inapplicable to the instant suit based on the status of all parties at the time of filing.

3

Defendant submits that Plaintiff was simply mistaken in believing that Progressive Property Insurance Company was domiciled in Florida at the time of filing the instant suit on August 26, 2022. *Plaintiff failed to look up or otherwise ascertain the domicile of Defendant prior to filing suit*, as evidenced by Plaintiff's blind reliance on prior cases involving this Defendant without further investigation. This information was readily available and accessible to Plaintiff on the Louisiana Department of Insurance's website as public information. And yet, Plaintiff filed the instant suit alleging that subject matter jurisdiction was proper in this matter based on incorrect information that was readily accessible to Plaintiff. Plaintiff is unable to meet her burden of proof with respect to proper subject matter jurisdiction in this matter as the Parties were both domiciled in the same state of Louisiana at the time of filing on August 26, 2022. Accordingly, Defendant respectfully prays that this Honorable Court deny Plaintiff's Motion for Reconsideration and to Vacate Judgment, and uphold its original Judgment dismissing the instant suit for lack of subject matter jurisdiction, and all other general and equitable relief to which this Defendant may be deemed entitled by this Honorable Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: ___/s/ Jason P. Foote___
**JASON P. FOOTE (#25050)
DEVIN CABONI-QUINN (#35447)
KALEIGH K. ROONEY (#40034)**
2821 Richland Avenue, Suite 202
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496
Email: jfoote@footelawoffices.com;
dcaboni@footelawoffices.com;
krooney@footelawoffices.com
***Attorneys for Progressive Property Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

___/s/ Jason P. Foote___
**JASON P. FOOTE**